RP/JK

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

RECEIVED

2026 FEB 18 P 4: 30

U.S. COURT OF APPEALS
FOURTH CIRCUIT

No. 26-1042

(1:21-cv-00309-ELH)

ASHLEY BOSHEA,

Administrator of the Estate of David John Boshea,

Appellee,

v.

COMPASS MARKETING, INC.,

Appellant.

## MOTION OF DANIEL WHITE FOR LEAVE TO INTERVENE

## LOCAL RULE 12(E)

### Introduction

Daniel White respectfully moves for leave to intervene in this appeal pursuant to this Court's inherent authority and Local Rule 12(e). Intervention is necessary to prevent dismissal of the appeal for failure to prosecute and to protect Mr. White's direct, non-derivative interests as a shareholder and creditor of Compass Marketing, Inc. ("Compass").

This appeal is presently at risk of dismissal. On February 13, 2026, the Clerk issued a Rule 45 notice directing Compass to file its docketing statement, disclosure statement, appearance of counsel, and transcript order form by March 2, 2026, and warning that failure to comply may result in dismissal for failure to prosecute. As of the filing of this motion, no counsel free of conflicts has appeared on Compass's behalf and no such filings have been made.

1

Mr. White does not seek to substitute himself for Compass, nor does he seek to reduce or delay the Boshea estate's recovery. He expressly acknowledges that the estate's wage judgment is entitled to priority. His interest is narrower and distinct: absent intervention, this appeal will be dismissed without consideration of whether substantial portions of the judgment, particularly enhanced damages, punitive components, attorneys' fees, and costs, are properly attributable to individuals whose litigation conduct gave rise to those awards, rather than to Compass alone. The judgment below resulted from litigation conducted in Compass's name by individuals whose corporate authority has been challenged throughout these proceedings and remains unresolved. The abandonment of this appeal is not inadvertent. It is the predictable result of a structural conflict of interest. The individuals who purported to initiate the appeal are the same individuals whose conduct would necessarily be scrutinized were the appeal to proceed. Their failure to prosecute leaves Mr. White's substantial economic interests wholly unrepresented and exposes him to immediate and irreparable harm.

<u>Statement Of Interest</u>

A. Ownership and Creditor Interests

Daniel White is a 25 percent shareholder of Compass Marketing, Inc., a Virginia corporation founded in 1998. He is also a creditor of Compass, owed more than one million dollars. The judgment entered below likewise exceeds one million dollars. If this appeal is dismissed and the judgment becomes final, the value of Mr. White's equity interest will be substantially diminished, and his ability to recover his creditor claims will be materially impaired.

Mr. White is also a shareholder and creditor of Tagnetics, Inc., an affiliated entity identified in Compass's disclosure statement filed in the underlying district court proceedings. The

2

consequences of the judgment therefore extend beyond Compass and compound the harm to Mr. White's interests.

Background

A. The Nature of the Judgment Below

The judgment entered in the Boshea litigation is not limited to the underlying wage and severance claims. Two separate juries found that litigation conducted in Compass's name was pursued in bad faith. The first jury awarded $540,000 in compensatory damages. After a new trial was granted, a second jury awarded $1,020,800 in compensatory and enhanced damages, together with prejudgment interest and attorneys' fees.

The enhanced damages, punitive components, attorneys' fees, and costs that comprise a substantial portion of the judgment were the foreseeable result of litigation strategies chosen and directed by counsel and other individuals purporting to act for Compass. Those strategies included contesting the authenticity of an employment and severance agreement that Compass knew to be genuine, asserting counterclaims that were later withdrawn, and pursuing collateral proceedings found by juries to have been undertaken in bad faith.

B. Judicial Findings of Obstructive Conduct

The bad faith character of the litigation was not only found by juries but was also recognized by the District Court. On April 3, 2025, Judge Ellen L. Hollander wrote directly to the Illinois probate judge overseeing the Boshea estate to express concern that a purported claim raised by Compass was "bogus, and was raised in an attempt by Compass to delay or obstruct the Maryland federal case." See ECF 332. Judge Hollander later denied Compass's motion to rescind that letter and found her communication entirely appropriate. See ECF 340. These findings are

3

relevant to understanding both the conduct that increased the magnitude of the judgment and the reasons this appeal has been abandoned.

### The Structural Conflict and Abandonment of This Appeal

Compass has no conflict-free counsel. Individuals who initiated this appeal have not entered appearances on Compass's behalf nor filed required docketing materials and have appeared in a companion appeal only in their individual capacities. See 26-1051. The conflict is structural. Prosecuting this appeal would necessarily require examination of who directed the litigation strategy that resulted in findings of bad faith and enhanced damages, and whether responsibility for those portions of the judgment should be allocated accordingly. The individuals who would be subject to that inquiry are the same who claim to control Compass's litigation posture and have no incentive to pursue an appeal that would expose them to personal accountability. The reasonable inference from the record is that the appeal was filed baselessly and has been abandoned to avoid scrutiny. Absent intervention, dismissal for failure to prosecute is certain.

### Grounds For Intervention

This Court's inherent authority and Local Rule 12(e) permit intervention on appeal where circumstances warrant. Intervention is appropriate where (1) the motion is timely, (2) the applicant has a significant interest in the subject matter, (3) disposition of the appeal may impair that interest, and (4) the existing parties do not adequately represent it.

A. Timeliness

This motion was filed promptly after the Clerk's Rule 45 notice made clear that the appeal faces imminent dismissal. Mr. White could not reasonably have anticipated that an appeal filed in Compass's name would be entirely abandoned.

B. Significant Interest

Mr. White's interests as a substantial shareholder and creditor are direct, concrete, and substantial. The judgment directly affects the value of his equity, the viability of his creditor claims, and the financial position of affiliated entities.

C. Impairment

Mr. White was not a party below and has no independent right to appeal. Dismissal of this appeal would permanently foreclose review of issues that directly affect his interests, including whether liability for litigation misconduct should be allocated beyond the corporation itself. No alternative avenue exists to protect those interests.

D. Inadequate Representation

Compass is unrepresented, and even the appearance of representation would not cure the conflict. Any counsel engaged by those directing Compass's litigation would labor under the same structural conflict that has already resulted in abandonment of this appeal. Mr. White's interests are therefore not and cannot be adequately represented absent intervention.

## No Adversity to the Boshea Estate

Mr. White's intervention is not adverse to the Boshea estate. He acknowledges the priority of the estate's wage claim and does not seek to diminish or delay recovery. To the contrary, ensuring that responsibility for enhanced damages and fees is properly allocated may expand, rather than contract, the pool of responsible parties.

## Requested Relief

For the foregoing reasons, Daniel White respectfully requests that this Court:

1. Grant leave to intervene in this appeal for the limited purpose of preventing dismissal for failure to prosecute and protecting his direct shareholder and creditor interests.

2. Permit Mr. White to participate in briefing and argument to the extent necessary to address issues affecting allocation of responsibility for the judgment.

3. Direct that this appeal not be dismissed while this motion is pending; and

4. Grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

Daniel White, Esq.
Proposed Intervenor, Pro Se
Post Office Box 1760
Leonardtown, MD 20650
danieljwhite@msn.com
240-298-8156

Dated: February 18, 2026

IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 26-1042

(1:21-cv-00309-ELH)

ASHLEY BOSHEA, Administrator of the Estate of David John Boshea,

Appellee,

v.

COMPASS MARKETING, INC.,

Appellant.

---

CLERK'S ORDER

Daniel White has filed a motion for leave to intervene in this appeal pursuant to Fourth Circuit

Local Rule 12(e). Upon review of the motion and the record, the Clerk, acting under the

authority of the Court, ORDERS as follows:

1. The motion for leave to intervene is GRANTED for the limited purpose stated in the motion,

namely to permit Daniel White, a twenty-five percent (25%) shareholder and creditor of

Compass Marketing, Inc., to protect his direct, non-derivative shareholder and creditor interests.

2. Intervention is granted solely in Daniel White's individual capacity.

3. The Clerk is directed to add Daniel White as an intervenor on the docket and to include him on

the service list for all future filings in this appeal.

Entered this ____ day of _____, 2026.

For the Court: _____

Clerk of Court United States Court of Appeals for the Fourth Circuit

7

<u>Certificate Of Service</u>

I hereby certify that on this date, a true and correct copy of the foregoing MOTION TO INTERVENE and PROPOSED ORDER were served on the following:

<u>Via CM and ECF Electronic Filing and Email:</u>

Gregory J. Jordan, Esquire
350 N. LaSalle Drive, Suite 1100
Chicago, Illinois 60654
gjordan@jz-llc.com
*Counsel for Plaintiff Ashley Boshea, Administrator of the Estate of David Boshea*

<u>Via Email:</u>

Stephen B. Stern, Esquire
Kagan Stern Marinello and Beard, LLC
238 West Street
Annapolis, Maryland 21401
stern@kaganstern.com
*Former Counsel for Compass Marketing, Inc.*

Heather K. Yeung, Esquire
Davis, Agnor, Rapaport and Skalny LLC
Two Wisconsin Circle, Suite 1000
Chevy Chase, Maryland 20815
hyeung@darslaw.com
*Former Counsel for Compass Marketing, Inc.*

Michael R. White
39650 Hiawatha Circle
Mechanicsville, MD 20659
michaelrwhite@comcast.net
*Appellant (and Compass 25% Shareholder and Creditor)*

<u>Via First Class Mail, Postage Paid in Advance:</u>

Compass Marketing, Inc.
c/o Business Filings Incorporated
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060-6802

_____
Daniel White

Dated: February 18, 2026