UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 26-1042

ASHLEY BOSHEA, Administrator of the Estate of David J. Boshea,

Plaintiff - Appellee,

v.

COMPASS MARKETING, INC.,

Defendant–Appellant.

---

MOTION OF DANIEL WHITE TO PREVENT DISMISSAL OF CORPORATE APPEAL AND TO REQUIRE INDEPENDENT COUNSEL FOR COMPASS MARKETING, INC.

---

Daniel White, proceeding *pro se* as proposed intervenor, respectfully moves for an order (1) prohibiting any dismissal or abandonment of Compass Marketing, Inc.'s appeal in No. 26-1042 based on representations by a nonlawyer or other unauthorized individual purporting to act for the corporation, and (2) holding in abeyance any dismissal of the corporate appeal in No. 26-1042 until the Court resolves Mr. White's motion to intervene [1].

<u>NO. 26-1051 DOC 3 ESTABLISHES A PRIMA FACIE CASE OF FRAUD ON THIS COURT</u>

1. Mr. White requests that the Court consider Exhibit 1 attached to Document 3 in No. 26-1051, which he incorporates here by reference. The exhibit provides prima facie evidence that counsel for Compass made material allegations in the Flywheel appeal [2] in this Court

---

[1] Mr. White appears pro se not out of hubris, but out of necessity. The coordinated malicious litigation campaign at issue has generated enormous legal expenses for him and has been accompanied by the misappropriation of his savings in Compass and other accounts, leaving him without the resources to retain appellate counsel.

[2] *Compass Marketing, Inc. v. Flywheel Digital LLC*, 2024 WL 3292676 (4th Cir. July 3, 2024) (per curiam).

1

knowing they were false. The exhibit further supports the inference that counsel advanced allegations they knew to be untrue to obtain litigation leverage over two former Compass employees who founded Flywheel, both of whom were blameless targets of that effort.

2. The Boshea appeal is inextricably intertwined with the Flywheel litigation because the same actors deliberately used the Boshea case, and advanced the same false statements in the Flywheel case, as a malicious instrument to exert pressure and obtain improper, extortive advantage over Flywheel, and Mr. White.

3. Mr. White makes these allegations mindful of his obligations as an officer of the Court, including his obligations as a member of the Bar of this Court, and of the seriousness of accusing members of the bar of fraud in this Court. If the Court concludes that he has made such allegations without a substantial factual basis, Mr. White acknowledges that referral to the Standing Committee on Attorney Discipline would be appropriate.

4. Conversely, if the Court determines that the exhibit makes an evidentiary showing warranting concern, Mr. White respectfully requests that the Court set the matter for appropriate proceedings, including a hearing, to address the integrity of the proceedings before it.

5. The connection to this emergency motion is direct. If the Flywheel appeal was filed and litigated through fraud on this Court and without valid corporate authority, issues now intertwined with the disputed control of Compass, then the same actors should not be permitted to terminate the appeal in this related Boshea case through unauthorized filings.

PROCEDURAL POSTURE AND INCORPORATION OF MICHAEL WHITE'S FILINGS

6. The procedural background is set forth in Michael White's Motion (Document 14, No. 26-1054). Mr. White incorporates that discussion by reference and does not repeat it here.

7. Compass is still unrepresented in this matter as of the date of this filing.

## DANIEL WHITE'S MOTION TO INTERVENE IS UNOPPOSED

8. Mr. White filed a motion to intervene in No. 26-1042 to protect the interests of Compass and its shareholders, creditors, and wage judgment holders, including with respect to actions that would affect the corporation's appellate posture. The deadline to oppose that motion was March 2, 2026. No party filed any objection. Intervention is therefore unopposed.

9. The Court should grant the motion and recognize Mr. White's right to be heard on the disposition of the corporate appeal, particularly given the fundamental questions of corporate authority and fraud now presented.

## REQUESTED RELIEF

For the foregoing reasons, Daniel White respectfully requests that the Court enter an order providing that:

1. No dismissal, abandonment, or other disposition of Compass Marketing, Inc.'s appeal in No. 26-1042 shall be accepted or given effect unless filed by a licensed attorney admitted to this Court's bar who is not subject to the pending challenges identified in Michael White's appeal and Mr. White's motion to intervene.

2. Any status-of-counsel form, "election," or similar submission signed only by a nonlawyer purporting to act for Compass shall be deemed ineffective to dismiss the appeal.

3. Any consideration of dismissal of the corporate appeal in No. 26-1042 shall be held in abeyance pending the Court's resolution of Mr. White's motion to intervene.

4. The Court shall accept and consider the exhibit attached to Document 3 in No. 26-1051 as incorporated by reference, and if the Court finds that the exhibit makes a prima facie showing warranting further inquiry, the Court shall convene appropriate proceedings to address the integrity of the matters before it; and

     5.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 6, 2026

/s/ Daniel J. White

Daniel J. White
Leonardtown, MD 20659
240-298-8156
danieljwhite@msn.com
*Intervenor, pro se*

4

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2), I certify that this motion complies with the applicable type-volume limitation. This motion contains no more than 2,600 words, excluding the parts of the motion exempted by Rule 27(d)(2)(B).

Dated: March 6, 2026

/s/ Daniel J. White

## CERTIFICATE OF SERVICE

I certify that on March 6, 2026, I caused a copy of the foregoing Emergency Motion to be served via the Court's CM/ECF system on all registered counsel of record, and by first-class mail or email on any party or counsel who is not a registered CM/ECF user, including Compass Marketing, Inc., through its registered agent.

Dated: March 6, 2026

/s/ Daniel J. White